UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-100 (SRN/ECW)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>JULYEN ALONZO MARTIN,<br><br>        Defendant. | **UNOPPOSED MOTION FOR PROTECTIVE ORDER** |

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Hillary A. Taylor, Special Assistant United States Attorney, hereby moves the Court for an order protecting the distribution of personally identifying information of the victim and any witnesses in this criminal case pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3771(a)(8), and 18 U.S.C. § 3509(d)(3).  The parties have conferred regarding a protective order.  Defendant Julyen Alonzo Martin, through his counsel Kevin DeVore, has indicated that he is agreeable to the terms of the proposed protective order.

In support of its motion, the United States alleges and states the following:

1.      The Defendant in this case is charged with Cyberstalking in violation of 18 U.S.C. § 2261A(2)(A)-(B) (Counts 1-2), Interstate Transmission of Threats To Injure the Person of Another in violation of 18 U.S.C. § 875(c) (Counts 3-5), and Impersonation of an Officer of the United States in violation of 18 U.S.C. § 912 (Count 6).

2.      The United States is prepared to disclose the discovery materials in its possession via electronic transmission to the Defendant and will make additional discovery

available as it is obtained. However, redaction of the discovery materials would be impractical and unduly burdensome. Moreover, redaction of many items would impede the preparation of the defense because redaction of some items would render them unusable.

3.  There are crime victims in this case. The Government is cognizant of its duty to protect the personally identifiable information of victims and witnesses. Under to the Crime Victims' Rights Act, 18 U.S.C. §§ 3771(a)(1) and (8), a crime victim has the right "to be reasonably protected from the accused" and "to be treated with fairness and respect for the victim's dignity and privacy." Also, under 18 U.S.C. § 3509(d)(3), "[o]n motion by any person the court may issue an order protecting a child from public disclosure of the name of or any other information concerning the child in the course of the proceedings, if the court determines that there is a significant possibility that such disclosure would be detrimental to the child."

4.  Here, the discovery materials contain personal identifiers, including names, telephone numbers, email addresses, social media accounts, home addresses, Social Security numbers, and dates of birth of the victims T.A., J.L., and other adult and minor witnesses. Unrestricted dissemination of this information could expose these individuals to violations of their privacy rights and/or the risk of other harms, such as threats or intimidation tactics.

5.  For the minor witnesses, these discovery materials are governed by 18 U.S.C. § 3509(d)(1)(A)(i), which states that all employees of the Government, employees of the Court, and the Defendant and his employees shall "keep all documents that disclose the

name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access." In addition, all employees of the Government, employees of the Court, and the Defendant and his employees shall disclose documents that contain the name or information concerning a child "only to persons who, by reason of their participation in the proceeding, have reason to know such information." 18 U.S.C. § 3509(d)(1)(A)(ii).

6. Therefore, the Government respectfully requests that this Court enter a Protective Order limiting the dissemination of "Protected Material," that is, any material disclosed by the United States in connection with the above-captioned case containing (a) the identities of T.A., J.L., and other known victims, and of any new victim(s) who may be identified; and (b) the personal identifying information of any witness in this case, including, but not limited to, telephone numbers, residential addresses, email addresses, social media accounts, Social Security numbers, medical information, and dates of birth

7. It is further requested that the Protective Order state: (a) that the Protected Material shall be held in strict confidentiality by the Defendant and defense counsel and may be used only for purposes of this litigation; (b) that Defendant's counsel shall limit the making of copies of the Protected Material to those necessary to his activities as counsel to the Defendant in this action (co-counsel, paralegals, investigators, litigation support personnel, and secretarial staff), but that under no circumstances will copies be provided to the Defendant; (c) that all individuals having access to these materials shall be informed of the terms of the Protective Order prior to disclosure and shall certify, by signing a copy of the Protective Order, that they have read the terms of the Protective Order and

understand that they are bound by these terms; (d) that defense counsel may advise Defendant of the contents of the Protected Material and review the Protected Material with Defendant without providing copies or allowing the copying or retention of any Protected Material, subject to the condition that the Defendant has read the Protective Order and that he understands and agrees to be bound by its terms; (e) that the use of the Protected Material covered by the Protective Order for any purpose other than the instant litigation shall be deemed a violation of the Protective Order subjecting Defendant and counsel to sanctions; (f) that any filings with the Court that contain Protected Material shall have the Protected Material redacted, or be filed under seal and clearly marked with a legend stating: "PROTECTED MATERIAL ENCLOSED" and be handled consistent with the guidance in Local Rule 49.1; and (g) that any documents or other materials containing the Protected Material, and all copies of them, must be destroyed or returned to the Government within thirty (30) days of the conclusion of this litigation, including all appeals, except that the Defendant's counsel can retain one copy of the materials.

Dated:  August 19, 2022                                                     Respectfully Submitted,

ANDREW M. LUGER
United States Attorney

*s/Hillary A. Taylor*

BY:  HILLARY A. TAYLOR
Special Assistant United States Attorney
Attorney Reg. No. 0398557