UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **United States of America,** | Crim. No. 22-100 (SRN/ECW) |
| **Plaintiff,** | |
| v. | ORDER |
| **Julyen Alonzo Martin,** | |
| **Defendant/Petitioner** | |

William Mattessich & Katharine Buzicky, Office of the United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff United States of America

Julyen Alonzo Martin, No. 08043-510, FCI Butner Medium II, P.O. Box 1500, Butner, NC 27509, Pro Se Defendant

SUSAN RICHARD NELSON, United States District Judge

Pending before the Court are the following pro se motions filed by Defendant Julyen Alonzo Martin: (1) Petition to Expedite Transfer [Doc. No. 144]; (2) Motion to Set Aside Judgment Under Rule 60 [Doc. No. 153]; (3) Motion to Consider Sentence Reduction [Doc. No. 159]; (4) Motion to Modify Conditions of Release [Doc. No. 160]; (5) Motion to Correct Sentencing Judgment [Doc. No. 161]; and (6) Motion to Produce Audio Recording of Sentencing Hearing [Doc. No. 164]. For the reasons set forth below, his motions are denied and denied as moot.

1

## I. BACKGROUND

Mr. Martin is serving a 46-month sentence for cyberstalking. The victims of his offenses were his ex-wife, T.A., and his ex-wife's stepfather, J.L. (*See* Plea Agmt. [Doc. No. 59] ¶¶ 1–2.) Mr. Martin previously filed numerous pro se motions for relief, including a Motion to Vacate Under 28 U.S.C. § 2255 ("2255 Motion") [Doc. No. 87] and Addendum [Doc. No. 102], which the Court denied in January 2024. (Jan. 29, 2024 Order on 2255 Mot. [Doc. No. 128].) In July 2024, the Eighth Circuit denied permission for Mr. Martin to file a successive 2255 motion in the District Court [Doc. No. 166].

## II. DISCUSSION

### A. Petition to Expedite Transfer [Doc. No. 144]

In his Petition to Expedite Transfer, Mr. Martin requests an expedited transfer from the Sherburne County Jail to a Bureau of Prisons ("BOP") facility. Approximately one month after filing his Petition, the BOP transferred him to the BOP facility, FCI Butner, where he is currently serving his sentence. (*See* Def.'s Notice of Change of Address [Doc. No. 155].) Because the transfer has already occurred, his Petition to Expedite Transfer is denied as moot.

### B. Motion to Set Aside Judgment Under Rule 60 [Doc. No. 153]

In his Motion to Set Aside Judgment Under Rule 60 ("Rule 60 Motion"), Mr. Martin invokes Federal Rule of Civil Procedure 60(d)(3), asserting that his sentence should be set aside due to fraud on the Court. He claims that a prosecutor in this action submitted a fabricated victim impact statement at sentencing, his former counsel rendered ineffective

assistance of counsel, and the prosecutor, defense counsel, and the Court conspired against him. (Def.'s R. 60 Mot. at 1–3.)

Previously, in Mr. Martin's 2255 Motion, he unsuccessfully asserted similar claims for relief, including that defense counsel was deficient for not objecting to the prosecutor's allegedly "false and misleading statements to the court" at sentencing, which included reading from the victim impact statement. (*See* 2255 Order at 11–13.)

Under 28 U.S.C. § 2255, a prisoner in federal custody has a limited opportunity to challenge the constitutionality, legality, or jurisdictional basis of a sentence imposed by a court. The law limits a defendant to one 2255 motion unless he obtains certification for a second or successive motion from the appropriate Court of Appeals. *See* 28 U.S.C. §§ 2244, 2255(e), (h). A defendant may not bypass the authorization requirement of § 2255 by purporting to invoke some other procedure. *See United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (per curium) ("It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure."), *cert. denied*, 545 U.S. 1135 (2005). The Eighth Circuit advises district courts, when dealing with a purported Rule 60 motion following the dismissal of a habeas petition, to "conduct[] a brief initial inquiry to determine whether the allegations in the Rule 60[] motion in fact amount to a second or successive collateral attack under either 28 U.S.C. § 2255." *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). If the motion is "actually a second or successive habeas petition, the district court should dismiss it for failure to obtain

authorization from the Court of Appeals or, in its discretion, [ ] transfer the [ ] motion to the Court of Appeals." *Id*.

Although the Eighth Circuit's guidance in *Boyd* arose in the context of a Rule 60(b) motion, "courts may also dismiss Rule 60(d)(3) motions as successive § 2255 motions when appropriate." *Gutierrez v. United States*, No. 01-cr-331 ADM/AJB, 2013 WL 3380313, at *2 (D. Minn. July 8, 2013); *see also Bewig v. United States*, No. 4:05 CV 635 CDP, 2010 WL 4177452, at *2 (E.D. Mo. Oct. 20, 2010) (finding that motion filed under Rule 60(d)(3) was simply defendant's unauthorized effort to re-litigate issues he raised or could have raised on direct appeal and in his initial § 2255 motion); *United States v. Baker*, 718 F.3d 1204, 1207 (10th Cir. 2013) (applying analysis for Rule 60(b) motions to Rule 60(d)(3) motions asserting fraud on the court to determine if Rule 60 motion impermissibly "asserts or reasserts a federal basis for relief from the petitioner's underlying conviction."). Under Rule 60(d)(3), a court has the power to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3).

In the instant Rule 60 Motion, Mr. Martin simply reiterates arguments concerning ineffective assistance of counsel, the actions of the prosecutor, defense counsel, and the Court related to his guilty plea and sentencing, and the Court's alleged bias—arguments that he unsuccessfully raised or could have raised in his 2255 Motion. Accordingly, the Court finds that Mr. Martin's Rule 60 Motion, although raised under Rule 60(d)(3), is an

unauthorized, successive 2255 motion. Accordingly, the Court lacks jurisdiction to consider this motion and it is denied.[1]

### C. Motion to Consider Sentence Reduction [Doc. No. 159]

In Mr. Martin's "Motion to Consider Sentence Reduction and Issue Written Findings of Fact Considering My Argument," he refers to the fact that the Court previously stayed briefing deadlines on his Pro Se Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3852 while he appealed this Court's denial of his first Motion to Reduce Sentence Under U.S.S.G. Amendment 821. (*See* Mar. 13, 2024 Order [Doc. No. 148] at 2.) After the Eighth Circuit summarily affirmed this Court's ruling and subsequently issued its mandate [Doc. Nos. 152, 157], the Court lifted the stay and denied Mr. Martin's motion on May 21, 2024 [Doc. Nos. 162]. In the Court's May 21, 2024 Order, it explained the grounds for its ruling, just as it had in its earlier orders of February 23, 2024 [Doc. No. 132] and March 6, 2024 [Doc. No. 139]. Because the stay was lifted and the Court has since issued a ruling, it denies as moot Mr. Martin's instant Motion to Consider Sentence Reduction.

### D. Motion to Modify Conditions of Release [Doc. No. 160]

In his Motion to Modify Conditions of Release, Mr. Martin requests that the Court "[a]mend conditions of probation to state that I can contact my minor child, that is with my [ex]-wife, victim T.A." and "amend conditions of probation to state that I may mail personal correspondence letters to my child." (Def.'s Mot. to Modify Conds. of Release at

---

[1] Even if Mr. Martin's Motion to Set Aside Judgment were not a successive 2255 motion, the standard necessary for relief stemming from fraud on the court is stringent. Such relief is "appropriate only in extraordinary circumstances involving egregious misconduct." *Gutierrez*, 2013 WL 3380313, at *3 (citations omitted).

5

1.) In addition, he requests that the Court direct a probation officer to contact his ex-wife and "take a deposition on her opinion of me talking with my son." (*Id.*)

One of Mr. Martin's special conditions of supervised release prohibits him from having any contact with the victims of his offenses, whether through "letters, communication devices, audio, or visual devices, visits, or any contact through a third party[,] without prior consent of the Probation Officer." (Sentencing J. [Doc. No. 85] at 5; Sentencing Tr. [Doc. No. 97] at 27.) Depending on the minor child's living arrangements, Mr. Martin runs the risk of violating this special condition by contacting the victims in order to communicate with the minor child. Because any contact with the victims is expressly prohibited and can only occur with the prior consent of the Probation Officer, (Sentencing J. at 5), Mr. Martin should first raise this issue with his Probation Officer. Accordingly, the Court denies without prejudice the portion of Mr. Martin's motion in which he seeks a modification of this condition of supervised release, and denies the portion of his motion seeking to require the Probation Officer to "take a deposition" of his ex-wife.[2]

### E. Motion to Correct Sentencing Judgment [Doc. No. 161]

Mr. Martin also moves to "correct" the "Court's conviction, statement of reasons, and order(s) of confinement" to "reflect the correct title of the statu[t]e upon which [he] was convicted." (Def.'s Mot. to Correct at 1.) He contends that he was convicted under

---

[2] Because the Court declines to modify Mr. Martin's conditions of release, no hearing is necessary under Federal Rule of Criminal Procedure 32.1(c)(1). *United States v. Norris*, 62 F.4th 441, 447 (8th Cir. 2023).

18 U.S.C. § 2261, and asserts that the statute is titled "Domestic violence or stalking." (*Id.*) Mr. Martin argues that the Court has incorrectly referred to his conviction for "cyberstalking" in various filings on the docket. (*Id.*)

The Court disagrees. While 18 U.S.C. § 2261 pertains to domestic violence, § 2261A pertains to stalking. 18 U.S.C. § 2261A. The Eighth Circuit has explained that "The federal stalking statute defines two separate crimes: one prohibiting stalking via interstate travel under 18 U.S.C. § 2261A(1), and another prohibiting stalking via interstate communications (*often called cyberstalking*) under 18 U.S.C. § 2261A(2)." *United States v. Gross*, 23 F.4th 1048, 1053 (8th Cir. 2022) (emphasis added). Mr. Martin expressly pled guilty to "cyberstalking." (Plea Agmt. ¶ 1) (stating, "The defendant agrees to plead guilty to Counts 1 and 2 of the Indictment, which charges the defendant with Cyberstalking victims T.A. and J.L., in violation of 18 U.S.C. § 2261A(2)(B)."). The Plea Agreement contains several additional references to "cyberstalking." For example, in admitting to the factual basis for his plea, Mr. Martin agreed that his actions were "part of his cyberstalking course of conduct" and his "cyberstalking scheme." (*Id*. ¶ 2(b),(c).) Further, he agreed to the applicable statutory penalties for "Cyberstalking" (*id*. ¶ 6), and for purposes of calculating his offense level to determine his Sentencing Guidelines range, he agreed to the base offense level applicable to "Cyberstalking" and to certain specific offense characteristics related to "Cyberstalking." (*Id*. ¶ 7(a)–(b), (d).)

For all of these reasons, Mr. Martin's offense of conviction is appropriately called "cyberstalking," and the Court has not erred by using this term. Mr. Martin's Motion to Correct is therefore denied.

### F. Motion to Produce Audio Recording of Sentencing Hearing [Doc. No. 164]³

In his Motion to Produce Audio Recording of Sentencing Hearing, Mr. Martin requests an audio recording of his September 22, 2023 sentencing hearing to support his allegation that "[t]he sentencing transcripts have been altered, and do not reflect what was verbally stated." (Def.'s Mot. for Audio Recording at 1.)

In this District, once a written transcript is filed, it constitutes the official record of the proceeding and no audio recordings are maintained. Mr. Martin requested a transcript of his sentencing hearing, which the court reporter filed [Doc. No. 97]. Consistent with the District's standard practice, no audio recording of Mr. Martin's sentencing hearing exists. Accordingly, this motion is denied.

### III. CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that

1. Martin's Petition to Expedite Transfer [Doc. No. 144] is **DENIED as moot**.

2. Martin's Motion to Set Aside Judgment Under Rule 60 [Doc. No. 153] is **DENIED**.

3. Martin's Motion to Consider Sentence Reduction [Doc. No. 159] is **DENIED as moot**.

4. Martin's Motion to Modify Conditions of Release [Doc. No. 160] is **DENIED WITHOUT PREJUDICE in part**, and **DENIED in part**.

---

³ While Mr. Martin titled this motion "Motion to Judge Patrick J. Schiltz to Produce Audio Recording of Sentencing Hearing," the motion is filed in this action, which is assigned to the undersigned judge.

5. Martin's Motion to Correct Sentencing Judgment [Doc. No. 161] is **DENIED**.

6. Martin's to Produce Audio Recording of Sentencing Hearing [Doc. No. 164] is **DENIED**.

Dated: February 6, 2025

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge
